**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

THERESA BROOKE,

Plaintiff,

v.

H&K PARTNERSHIP, a California partnership dba Best Economy Inn & Suites,

Defendant.

Case No.: 1:16-cv-1406-AWI-JLT

ORDER STAYING ALL OF THE RELATED ACTIONS

---

THERESA BROOKE,

Plaintiff,

v.

C & S CHONG INVESTMENT CORPORATION, a California corporation dba La Quinta Inn Bakersfield North,

Defendant.

Case No.: 1:16-cv-1407-LJO-JLT

---

THERESA BROOKE,

Plaintiff,

v.

JDS HOSPITALITY GROUP, LLC, a California limited liability company dba Days Inn Bakersfield,

Defendant.

Case No.: 1:16-cv-1408-DAD-JLT

THERESA BROOKE,

Plaintiff,

v.

JHP HOSPITALITY GROUP, INC., a California corporation dba Ramada Limited Bakersfield North,

Defendant.

Case No.: 1:16-cv-1409-AWI-JLT

---

THERESA BROOKE,

Plaintiff,

v.

D.P.R.L. INVESTMENTS, LLC, a California limited liability company dba Hotel Rosedale,

Defendant.

Case No.: 1:16-cv-1410-LJO-JLT

---

THERESA BROOKE,

Plaintiff,

v.

KOO JIN HYUN & CHU MYUNG HEE, trustees of the KOO JIN HYUN & CHU MYUNG HEE TRUST dba Hampton Inn & Suites Bakersfield North-Airport,

Defendants.

Case No.: 1:16-cv-1411-DAD-JLT

---

THERESA BROOKE,

Plaintiff,

v.

PRIME HOSPITALITY SERVICES, LLC, a California limited liability company dba Hampton Inn & Suites Bakersfield/Hwy 58,

Defendant.

Case No.: 1:16-cv-1414- LJO-JLT

THERESA BROOKE,

Plaintiff,

v.

RP GOLDEN STATE MGT, LLC, a California limited liability company dba Garden Suites Inn,

Defendant.

Case No.: 1:16-cv-1415-LJO-JLT

---

THERESA BROOKE,

Plaintiff,

v.

KPK, INC., a California corporation dba Travelodge Turlock,

Defendant.

Case No.: 1:16-cv-1449-LJO -JLT

---

THERESA BROOKE,

Plaintiff,

v.

LILJENQUIST MODESTO COMPANY, LLC, a California limited liability company dba Modesto Hotel,

Defendant.

Case No.: 1:16-cv-1454-DAD-JLT

---

THERESA BROOKE,

Plaintiff,

v.

METRO HOSPITALITY SERVICES, INC., a California corporation dba Hampton Inn Fresno NW,

Defendant.

Case No.: 1:16-cv-1455- DAD-JLT

| | |
|---|---|
| THERESA BROOKE,<br><br>Plaintiff,<br><br>v.<br><br>JAYESHKUMAR PATEL, an individual; PRAFULBHAI PATEL, an individual, both individuals dba Budget Inn Modesto,<br><br>Defendants. | Case No.: 1:16-cv-1456-LJO-JLT |
| THERESA BROOKE,<br><br>Plaintiff,<br><br>v.<br><br>KHATRI BROTHERS, L.P., a California limited partnership dba Clarion Modesto,<br><br>Defendant. | Case No.: 1:16-cv-1465-AWI-JLT |
| THERESA BROOKE,<br><br>Plaintiff,<br><br>v.<br><br>A&A TARZANA PLAZA, LP, a California limited partnership dba Hilton Garden Inn Clovis,<br><br>Defendant. | Case No.: 1:16-cv-1499-AWI- JLT |
| THERESA BROOKE,<br><br>Plaintiff,<br><br>v.<br><br>THANDI ENTERPRISES, LLC, a California limited liability company dba Holiday Inn Express Fresno,<br><br>Defendant. | Case No.: 1:16-cv-1503-DAD- JLT |

THERESA BROOKE,

Plaintiff,

v.

FRESNO AIRPORT HOTELS, LLC, a California limited liability company dba Ramada Fresno Airport,

Defendant.

Case No.: 1:16-cv-1506-DAD- JLT

---

THERESA BROOKE,

Plaintiff,

v.

KAINTH BROTHERS, INC., a California corporation dba Country Inn Suites Fresno North,

Defendant.

Case No.: 1:16-cv-1508-LJO- JLT

---

THERESA BROOKE,

Plaintiff,

v.

SHIV HOTELS, LLC, a California limited liability company dba Hampton Inn Fresno,

Defendant.

Case No.: 1:16-cv-1509-LJO- JLT

---

THERESA BROOKE,

Plaintiff,

v.

SHIVKRUPA INVESTMENTS, INC., a California corporation dba La Quinta Inn Suites Fresno,

Defendant.

Case No.: 1:16-cv-1510-LJO- JLT

THERESA BROOKE,

Plaintiff,

v.

SHRIGI, INC., a California corporation dba Welcome Inn Fresno,

Defendant.

Case No.: 1:16-cv-1511-LJO- JLT

---

THERESA BROOKE,

Plaintiff,

v.

THE DAE SUNG & HEE JAE CHA TRUST dba Quality Inn Tulare,

Defendant.

Case No.: 1:16-cv-1520-LJO- JLT

---

THERESA BROOKE,

Plaintiff,

v.

HANFORD INVESTORS, INC., a California corporation dba Comfort Inn Hanford,

Defendant.

Case No.: 1:16-cv-1521-AWI- JLT

---

THERESA BROOKE,

Plaintiff,

v.

INTERLINK PROPERTIES L.P., a California limited partnership dba Hampton Inn Visalia,

Defendant.

Case No.: 1:16-cv-1522-LJO- JLT

| | |
|---|---|
| THERESA BROOKE,<br><br>Plaintiff,<br><br>v.<br><br>NMA HOSPITALITY LLC, a California limited liability company dba La Quinta Tulare,<br><br>Defendant. | Case No.: 1:16-cv-1529-DAD- JLT |
| THERESA BROOKE,<br><br>Plaintiff,<br><br>v.<br><br>TERRA INVESTMENTS I, LLC, a California limited liability company dba Charter Inn Suites,<br><br>Defendant. | Case No.: 1:16-cv-1530-DAD- JLT |
| THERESA BROOKE,<br><br>Plaintiff,<br><br>v.<br><br>PICADILLY INN UNIVERSITY, dba University Square Hotel,<br><br>Defendant. | Case No.: 1:16-cv-1594-AWI- JLT |
| THERESA BROOKE,<br><br>Plaintiff,<br><br>v.<br><br>DAYS INN OF FRESNO PARTNERSHIP, dba Days Inn Fresno Central,<br><br>Defendant. | Case No.: 1:16-cv-1595-DAD- JLT |

THERESA BROOKE,

Plaintiff,

v.

PICADILLY INN EXPRESS,

Defendant.

Case No.: 1:16-cv-1596-DAD- JLT

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936); see also Gold v. Johns–Manville Sales Corp., 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254–55. In determining whether to issue a stay, courts consider the potential prejudice to the non-moving party; the hardship or inequity to the moving party if the action is not stayed; and the judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if the case before the court is stayed. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.1962).

Recently, the Court ordered the plaintiff to show cause why the actions should not be dismissed for lack of standing and lack of subject matter jurisdiction. To allow time for this issue to be resolved and to avoid the occurrence of events inconsistent with the Court's attempts to preserve judicial resources—including, for example, the filing of motions to dismiss—until the standing issue is resolved, the Court concludes that a stay is necessary. Thus, explicitly, the Court finds the parties' and the Court's resources would be preserved if the matter was stayed pending the resolution of the standing issue. Finally, the Court finds that there would be no hardship as a result of the brief stay that it anticipates. Accordingly, the Court **ORDERS**:

1. Except for the plaintiff's obligation to comply with the orders to show cause, the actions are **STAYED**. All other deadlines—including the obligation of the defendants to file responsive pleadings—are not in effect at this time.

IT IS SO ORDERED.

Dated: **October 28, 2016**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE